(17 App. Div. 533.)

THAMES LOAN & TRUST CO. v. HAGEMEYER et al.

(Supreme Court, Appellate Division, First Department. May 21, 1897.)

BILLS AND NOTES—ACTIONS ON—INCEPTION OF NOTE.

    The defense in an action on a note was usury. The note was given by defendant to one W. to have it discounted. W. delivered it to one C. to dispose of it, and C. sold it to plaintiff. Defendant's request to charge that the inception of the note was its sale to plaintiff was refused, though it was not disputed that such was the fact. *Held*, that such refusal was erroneous, since the jury were thereby permitted to consider the whole transaction which resulted in the sale of the note to plaintiff, and that transaction involved an agreement between W. and C. which, though it may have been improper, had no bearing on the question of usury, because it preceded the inception of the note.

Appeal from trial term, New York county.

Action by the Thames Loan & Trust Company against George Hagemeyer and others. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for new trial, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J.; and RUMSEY, WILLIAMS, PATTERSON, and PARKER, JJ.

W. C. Beecher, for appellants.

A. J. Taylor, for respondent.

RUMSEY, J.    The action was brought to recover the amount of a promissory note made by George Hagemeyer & Sons to the defendant William H. Chew.    The defense was usury, and the questions presented upon this appeal arise upon exceptions taken to the rulings of the court upon the trial.    The note was dated on the 7th day of November, 1894, was made for $5,000, and was payable in four months after date to the order of W. H. Chew.    It is an undisputed fact that this note was delivered to Chew without consideration, and for the purpose only of enabling him to procure it to be discounted, and that it had no inception in his hands.    It is also undisputed that Chew delivered it to one Cokefair to dispose of it, and for no other purpose.    It was made to appear by Cokefair that, at the time he received the note from Chew, there was an arrangement between himself and Chew by which Cokefair was to have the use of one-half of the proceeds of the note until its maturity, less 6 per cent.    Cokefair disposed of the note to James P. Foster, who bought it for the plaintiff.    The transaction which was had between them at the time of the purchase of the note is not disputed. Foster, who was sworn as a witness for the plaintiff, testifies that he paid Cokefair the face of the note, less 6 per cent.; that he deducted 6 per cent. from the face of the note, and applied 25 per cent. of the proceeds on account of an indebtedness from Cokefair to him, and paid him the remainder in cash.    Cokefair, who was sworn as a witness for the defendants, testified to substantially the same facts.    It is apparent from these facts that there was some question just what amount was deducted from the note at the time of its purchase from Cokefair.    Foster says he deducted 6 per cent. from the full face of the note.    Six per cent. from the face of the note would be $300, and, if that sum was deducted from it, it would plainly be usurious, because the note had only four months to run, and 6 per cent. would be the full legal interest for a year.    But it was susceptible of the meaning that he deducted interest at the rate of 6 per cent. for the time during which the note ran, in which case the transaction, so far as the deduction of the interest was concerned, would not be usurious.    It also appeared, and was undisputed, that he retained from the face of the note 25 per cent., which he said that he applied upon an indebtedness from Cokefair to him.    If this was an actual indebtedness, and that sum was actually due, the transaction was not usurious.    But if the deduction was made for the purpose of enabling the person making it to retain the amount of 25 per cent. from the face of the note, by way of premium upon it, the transaction was clearly usurious. Cokefair and Foster were both parties to the transaction, which, if it was usurious, was an illegal one, and therefore the jury were at liberty to discredit their testimony; and it was for the jury to say whether the transaction, at the time of the inception of this

note, taken altogether, was a bona fide transaction, or whether it was a mere cover for usury, and this question was properly submitted to them.

But we think there was error in the refusal to charge a request made by the defendants to the effect that, upon the uncontradicted evidence, the inception of this note was its sale by Cokefair to Foster. There is no dispute about the facts, and there is no claim that this proposition was not a correct expression of the law; but the court refused to charge it, and submitted it to the jury to say whether the note then had its inception or not. In this refusal to charge we think there was error. The question presented to the jury was whether the transaction which resulted in the sale of the note was bona fide, or was a cover for usury. The transaction was not alone the delivery of the note by Cokefair to Foster, but it also included the delivery by Hagemeyer to Chew, and by Chew to Cokefair, and at the time of the making of that arrangement between the last two named there was, as appeared from the testimony of Cokefair, an agreement between himself and Chew with regard to the proceeds of the note. This transaction may or may not have been a proper one, but it had no relation to the inception of the note, and the question whether the note was usurious was to be determined by what occurred at the time of its inception; and the defendants were entitled to have the attention of the jury called precisely to what occurred at that time, so that they could pass upon that occurrence, and characterize that by their verdict as valid or otherwise, as they should, upon the whole, see fit. To that end, the defendants were entitled to have an instruction as to when the note had its inception, and the refusal to give that instruction was erroneous. On account of that refusal the judgment and order should be reversed, and a new trial granted, with costs to the appellants to abide the event. All concur.