THAMES LOAN & TRUST CO. v. HAGEMEYER et al.

(Supreme Court, Appellate Division, Second Department. March 7, 1899.)

1. APPEAL AND ERROR—REVERSAL—DECISION OF APPELLATE COURT—RES JUDICATA—LAW OF THE CASE.
   A decision of an appellate court reversing a judgment for failure to give an instruction warranted by the uncontradicted evidence is not binding on the trial court on the second trial, where further evidence is introduced changing the aspect of the case, and making such issue a question for the jury.

2. EVIDENCE—ADMISSIONS.
   A written statement by the makers of a note that it was issued by them, and was good commercial paper, and "is good business paper for value received," is admissible in an action on the note to contradict the payee's statement that he gave nothing therefor, and that the note had its inception when it was passed from him to the indorsee.

3. COSTS—EXTRA ALLOWANCE.
   An extra allowance of costs was improperly granted on plaintiff's stipulation that he would waive the same if defendants did not appeal.

Appeal from trial term, New York county.

Action by the Thames Loan & Trust Company against George Hagemeyer and others. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Transferred from First to Second department. Modified.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William C. Beecher, for appellants.
Alfred J. Taylor, for respondent.

WILLARD BARTLETT, J. On a previous appeal a judgment in favor of the plaintiff was reversed, and a new trial was ordered, because the court refused to charge the jury that, upon the uncontradicted evidence, the note in suit, which was made by George Hagemeyer & Sons to William H. Chew, had its inception when it was sold by one Cokefair to the person who bought it for the plaintiff. Trust Co. v. Hagemeyer, 17 App. Div. 533, 45 N. Y. Supp. 594. Upon the trial which the present appeal brings up for review, the court was requested to charge the same proposition; but declined to do so, and this refusal is assigned as error in the first point of the appellants' brief. Of course, it would have been erroneous if the proof had been the same as it was upon the first trial; but there was additional evidence of great, if not controlling, significance. There

56 N.Y.S.—44

was the written declaration of the makers of the note, a few weeks after the time when the note was made, expressly stating that "the paper issued by ourselves to William H. Chew, of this city, is good business paper, for value received." This was an admission which authorized the jury to disregard Chew's statement that he gave nothing for the note, and to find that it really had its inception when it passed from the Hagemeyers to him. The admission changed the aspect of the case in this respect, and made a question for the jury in regard to the inception of the note, which it would have been improper for the trial court to dispose of by giving the desired instruction.

The declaration which we have mentioned was contained in a letter from the Hagemeyers, dated November 19, 1894. The plaintiff put in another letter, written by them, under date of November 30, 1894. The second point of the appellants is that the introduction of these letters was improper, as they did not relate to the note in suit, and could not create an estoppel. The first letter apparently refers to all paper previously issued by the Hagemeyers to Chew, and would therefore include this note; while we think that the letter of November 30, 1894, would be taken by almost any one as an assurance that all the notes given to Chew were as good in every respect as the $6,000 note therein specifically mentioned. Both letters were competent and relevant as admissions by the parties who made the note in suit, independently of any question of estoppel.

After the rendition of the verdict, plaintiff's counsel moved for an extra allowance, stating that he would waive any allowance granted, if the defendants did not appeal. "Upon this statement and stipulation," according to the clerk's minutes, "the court granted an extra allowance of five per cent." Of course, an allowance thus granted cannot be allowed to stand. The practical effect of the court's action was to impose a fine of $292.20 upon the defendants for appealing from the judgment. The propriety of granting an extra allowance depends upon the character and difficulty of the case, and the power ought not to be exercised in such a manner as to constrain the defeated party to acquiesce in a judgment which he deems erroneous.

The amount of the extra allowance must be deducted from the judgment, which is otherwise right, and should be affirmed as modified, together with the order refusing a new trial; no costs of this appeal to either party. All concur.