THE THAMES LOAN AND TRUST COMPANY, Respondent, *v.* GEORGE HAGEMEYER, CASPAR HAGEMEYER, and HORACE F. HUTCHINSON, as Assignee of GEORGE HAGEMEYER and CASPAR HAGEMEYER, for the Benefit of Creditors, Appellants, Impleaded with WILLIAM ·H. CHEW.

*Promissory note — effect of a statement by the makers that it is business paper — extra allowance granted under an agreement to waive it if no appeal be taken.*

A written declaration made by the makers of a note, a few weeks after its execution, to the effect that "The paper issued by ourselves to Wm. H. Chew of this city, is good business paper for value received," is sufficient, in an action against the makers and Chew to recover the amount of the note, to authorize the jury to disregard Chew's statement that he gave nothing for the note, and to find that it really had its inception when it passed from the makers to him.

Where, after the rendition of a verdict in favor of the plaintiff, the plaintiff's counsel moves for an extra allowance, stating that he will waive any allowance granted if the defendants do not appeal, and the clerk's minutes recite that, "upon this statement and stipulation, the court granted an extra allowance of five per cent," the allowance so granted will not be allowed to stand, its effect being to impose a fine of that amount upon the defendants for appealing from the judgment.

APPEAL by the defendants, George Hagemeyer, Caspar Hagemeyer, and Horace F. Hutchinson, as assignee of George Hagemeyer and Caspar Hagemeyer, for the benefit of creditors, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 21st day of January, 1898, upon the verdict of a jury, and also from an order entered in said clerk's office on the 7th day of March, 1898, denying said defendants' motion for a new trial made upon the minutes.

This appeal was transferred from the first department to the second department.

*William C. Beecher,* for the appellant Hutchinson, as assignee.

*Alfred J. Taylor,* for the respondent.

WILLARD BARTLETT, J. :

On a previous appeal a judgment in favor of the plaintiff was reversed and a new trial was ordered, because the court refused to

charge the jury that, upon the uncontradicted evidence, the note in suit, which was made by George Hagemeyer & Sons to William H. Chew, had its inception when it was sold by one Cokefair to the person who bought it for the plaintiff. (*Thames Loan & Trust Co.* v. *Hagemeyer*, 17 App. Div. 533.) Upon the trial, which the present appeal brings up for review, the court was requested to charge the same proposition, but declined to do so, and this refusal is assigned as error in the first point of the appellants' brief. Of course, it would have been erroneous if the proof had been the same as it was upon the first trial, but there was additional evidence of great if not controlling significance. There was the written declaration of the makers of the note, a few weeks after the time when the note was made, expressly stating that "The paper issued by ourselves to Wm. H. Chew, of this City, is good business paper for value received." This was an admission which authorized the jury to disregard Chew's statement that he gave nothing for the note, and to find that it really had its inception when it passed from the Hagemeyers to him. The admission changed the aspect of the case in this respect and made a question for the jury, in regard to the inception of the note, which it would have been improper for the trial court to dispose of by giving the desired instruction.

The declaration which we have mentioned was contained in a letter from the Hagemeyers, dated November 19, 1894. The plaintiff put in another letter written by them under date of November 30, 1894. The second point of the appellants is that the introduction of these letters was improper, as they did not relate to the note in suit and could not create an estoppel. The first letter apparently refers to all paper previously issued by the Hagemeyers to Chew, and would, therefore, include this note; while we think that the letter of November 30, 1894, would be taken by almost any one as an assurance that all the notes given to Chew were as good in every respect as the $6,000 note therein specifically mentioned. Both letters were competent and relevant as admissions by the parties who made the note in suit, independently of any question of estoppel.

After the rendition of the verdict, plaintiff's counsel moved for an extra allowance, stating that he would waive any allowance granted, if the defendants did not appeal. "Upon this statement

and stipulation," according to the clerk's minutes, "the Court granted an extra allowance of five per cent." Of course, an allowance thus granted cannot be allowed to stand. The practical effect of the court's action was to impose a fine of $292.20 upon the defendants for appealing from the judgment. The propriety of granting an extra allowance depends upon the character and difficulty of the case, and the power ought not to be exercised in such a manner as to constrain the defeated party to acquiesce in a judgment which he deems erroneous.

The amount of the extra allowance must be deducted from the judgment, which is otherwise right, and should be affirmed as modified, together with the order refusing a new trial; no costs of this appeal to either party.

All concurred.

Judgment modified by striking therefrom the extra allowance, and as modified affirmed, without costs.